UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| ALRELIO EVANS, #367619, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:11-cv-581 |
| | ) |
| v. | ) Honorable Robert Holmes Bell |
| | ) |
| MICHAEL LEHNER, et al., | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Defendants. | ) |
| _____ | ) |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. §1983. Plaintiff's complaint arises out of an incident at the Ionia Maximum Correctional Facility (ICF) on May 30, 2009. He alleges that Corrections Officer Michael Lehner used excessive force in violation of his Eighth Amendment rights. He alleges Officer Sharon Eaton and Sergeant Troy Jones violated his Eighth Amendment rights when they failed to intervene. Joseph Wohlfert was the control center operator who closed plaintiff's cell door prematurely, causing the door to hit plaintiff in the back. Plaintiff sues all defendants in their individual capacities and seeks damages.

The matter is now before the court on defendants' motions for summary judgment. (docket #s 41, 48, 85). Plaintiff has filed his response (docket #s 56, 68, 92) and defendants' motions are ready for decision. For the reasons set forth herein, I recommend that defendant Lehner's motion for summary judgment (docket # 41) be denied, that the motions for summary judgment by defendants Jones (docket # 41), Eaton (docket # 48) and Wohlfert (docket # 85) be

granted, and that judgment be entered in favor of defendants Jones, Eaton, and Wohlfert on all plaintiff's claims.

## Applicable Standards

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 362 (6th Cir. 2012). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adams v. Hanson*, 656 F.3d 397, 401 599 (6th Cir. 2011).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e)(2), (3); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine

issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Donald v. Sybra, Inc.*, 667 F.3d 757, 760-61 (6th Cir. 2012).

### **Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff is an inmate in the custody of the Michigan Department of Corrections (MDOC) serving a nonparolable life sentence on his first-degree murder conviction.[1] On May 30, 2009, he was an inmate at the Ionia Maximum Correctional Facility (ICF). There is no video recording of the incident giving rise to this lawsuit. (Whalen Aff. ¶¶ 3-4, docket # 92-3, ID# 359).

On May 30, 2009, Corrections Officers Lehner and Eaton escorted plaintiff from the unit's dayroom to his cell. As they approached plaintiff's cell, the door was opened by the panel officer, Joseph Wohlfert, but the door did not open completely. (Eaton Aff. ¶ 3, docket # 49-1, ID# 178; Lerner Aff. ¶ 3, docket # 42-2, ID# 154). Plaintiff stopped short of entering his cell.

At this point, the parties' versions of events diverge. Officers Lehner and Evans state that plaintiff passively resisted by standing in front of his cell. Lehner attempted to escort plaintiff into the cell, but, because of plaintiff's pause in motion, the panel officer began to close the door prior to plaintiff's fully entering the cell. The door made contact with plaintiff's back. (Eaton Aff. ¶ 4; Lerner Aff. ¶ 4).

---

[1] *See People v. Evans*, Nos. 236351, 2003 WL 22244164 (Mich. Ct. App. Sept. 30, 2003).

Defendants indicate that the purported use of force by Officer Lehner never occurred. Officer Lehner states that he did not hit, kick, shove, yank or pound plaintiff. (Lehner Aff. ¶¶ 5, 6, ID#s 154-55). Sergeant Troy Jones and Officer Evans did not observe plaintiff being hit, kicked, shoved, yanked, or pushed. (Jones Aff. ¶ 3, docket # 42-3, ID# 157; Eaton Aff. ¶¶ 5, 6, ID# 179).

Plaintiff states that he "stood in front of the door waiting for it to open more so [he] could enter safely." (Plf. Decl. ¶ 1, docket # 58, ID# 219). He states that Officer Lehner hit him in the right side and kicked his right ankle. (*Id.*). Lehner attempted to push plaintiff into the doorway, and when the panel officer closed the cell door, it struck plaintiff in the back. Plaintiff states that Lehner shoved, yanked, and pounded his left side. (*Id.*). "Moments later the panel officer opened the door and Officer Lehner pushed [plaintiff] into the cell causing [him] to collide with the metal bed frame." (*Id.*). Plaintiff's cell door closed and the escort officers left without further incident. (*Id.*). Plaintiff states that he sustained a back injury, "minor bruises on [his] right ankle and emotional distress" (*Id.* at ID# 220), but provides no supporting medical evidence.

Plaintiff states that Sergeant Jones was standing about five cells away when his confrontation with Officer Lehner began. During the short interval between the first and second closings of his cell door, he called out to Sergeant Jones for assistance, but did not receive a response. (*Id.* at ID# 219).

## Discussion

**1.    Officer Lehner**

Plaintiff alleges that Officer Lehner used excessive force in violation of his Eighth Amendment rights by hitting his right side, kicking his right ankle, shoving, yanking, and pounding

his left side, and pushing him into his cell. As a prisoner incarcerated under a criminal conviction, plaintiff's principal substantive rights are guaranteed by the Cruel and Unusual Punishments Clause of the Eighth Amendment. *See Ingraham v. Wright*, 430 U.S. 651, 664 (1977). The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of crimes. To establish a violation of the Eighth Amendment's Cruel and Unusual Punishments Clause, the offending conduct must reflect an unnecessary and wanton infliction of pain. *See Ingraham*, 430 U.S. at 670. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause the core judicial inquiry is that set out in *Whitley [v. Albers*, 475 U.S. 312, 320-21 (1986)]: whether the force was applied as a good faith effort to maintain or restore discipline, or maliciously or sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Plaintiff must satisfy both an objective and subjective test to establish a viable Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). Plaintiff has presented evidence, which if believed, by a trier of fact, could support a finding in his favor on his Eighth Amendment claim against defendant Lehner.

To meet the objective component, the prisoner must be subjected to a serious deprivation. *Wilson*, 501 U.S. at 298. The federal courts recognize that an Eighth Amendment claim based on the excessive use of force must allege more than a simple assault and battery. *See, e.g., Leary v. Livingston County*, 528 F.3d 438, 445 (6th Cir. 2008); *Pruett v. Hatchett*, 292 F. App'x 408, 409 (5th Cir. 2008). However, under *Hudson v. McMillian*, a guard may not inflict an unjustified beating upon a prisoner and then seek to defend his action by the lack of serious or life-threatening injuries. *See McHenry v. Chadwick*, 896 F.2d 184, 187 (6th Cir. 1990). If the facts stated in

plaintiff's declaration are believed, a reasonable trier of fact could find in his favor on the objective component.

Similarly, plaintiff's version of events must be taken as true for present purposes, and, if believed, could support a finding in his favor on the subjective component of an Eighth Amendment claim. A reasonable trier of fact could find that Officer Lehner acted maliciously and sadistically for the purpose of causing plaintiff serious harm by subjecting plaintiff to an unprovoked attack. *See Hudson*, 503 U.S. at 7.

### 2. Officer Evans and Sergeant Jones

Plaintiff alleges that defendants Evans and Jones violated his Eighth Amendment rights when they failed to intervene on his behalf. Plaintiff's declaration, if believed, indicates that his altercation with Officer Lehner was unprovoked and extraordinarily brief. Prison guards are not guarantors that an inmate will be free from misconduct by a fellow officer. Rather, an officer who does not personally take part in an assault is liable under section 1983 only if "he should have been aware of the reasonable likelihood of a potential attack and intervened earlier." *Carico v. Benton, Ireland & Stovall*, 68 F. App'x 632, 639 (6th Cir. 2003) (distinguishing *McHenry*, in which the officer provided an opportunity for the attack and stood idly by while a known attack took place). The constitutional standard governing the liability of such officers remains the "deliberate indifference" standard under the Eighth Amendment, *see Curry v. Scott*, 249 F.3d 493, 506-08 (6th Cir. 2001), so mere negligence or slowness to act is insufficient. Rather, Eighth Amendment liability attaches only if the officer had a realistic opportunity to intervene and prevent the harm yet did not intervene. *See Bletz v. Gribble*, 641 F.3d 743, 754 (6th Cir. 2011); *see also Smith v. Mensinger*, 293

F.3d 641, 650 (3d Cir. 2002); *O'Neill v. Krzeminski*, 839 F.2d 9, 11-12 (2d Cir. 1988) (officer could not be held liable for failing to prevent another officer from striking plaintiff with a "rapid succession" of blows); *Davis v. Egbert*, No. 07-2135, 2010 WL 2326251, at *8 (D. N.J. June 7, 2010). The proofs in the present case are insufficient to create a triable Eighth Amendment claim against defendants Jones and Eaton. Defendants' affidavits contain specific assertions that there was no physical contact between Lehner and plaintiff and there was no reason for Jones or Eaton to intervene. This was sufficient to meet defendants' initial burden and to shift to plaintiff the burden of producing specific, admissible evidence which, if believed, could establish a claim of deliberate indifference against Jones and Eaton. Plaintiff did not submit evidence that defendants Jones and Eaton had a reasonable opportunity to intervene. The rapid sequence of events described in plaintiff's declaration shows that they did not have a reasonable opportunity to intervene. Therefore, even crediting plaintiff's version of this incident, no claim for deliberate indifference is factually supported.

### 3. Joseph Wohlfert

Plaintiff's complaint alleges that Control Center Officer Wohlfert closed his cell door too early and it hit him in the back. This fails to state any claim of constitutional dimension. *See Lockett v. Suardini*, 526 F.3d 866, 876 (6th Cir. 2008); *Thompson v. Shelby County, Tenn.*, No. 83-4365, 1985 WL 13560, at * 1 (6th Cir. Aug. 12, 1985); *Orvis v. Hornbuckle*, No. 08-cv-11541, 2011 WL 1256612, at * 11 (E.D. Mich. Mar. 31, 2011). Further, there is no evidence before the court on

which a reasonable trier of fact could find that defendant Wohlfert acted intentionally to inflict pain, rather than negligently.

### Recommended Disposition

For the reasons set forth herein, I recommend that the motion for summary judgment by defendant Lehner (docket # 41) be denied, that the motions for summary judgment by defendants Jones (docket # 41), Eaton (docket # 48) and Wohlfert (docket # 85) be granted, and that judgment be entered in favor of defendants Jones, Eaton, and Wohlfert on all plaintiff's claims.

Dated:   September 28, 2012         /s/  Joseph G. Scoville
                                    United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).