UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALRELIO EVANS #367619,

        Plaintiff,

                                   Case No.  1:11-CV-581

v.

                                 HON. ROBERT HOLMES BELL

MICHAEL LEHNER, et al.,

        Defendants.

_____/

**O P I N I O N**

On September 28, 2012, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Defendant Lehner's motion for summary judgment (Dkt. No. 41) be denied, and that Defendants Jones, Eaton, and Wohlfert's motions for summary judgment (Dkt. Nos. 41, 48, 85) be granted.  (Dkt. No. 98.)  This matter is before the Court on Defendant Lehner's objection to the R&R (Dkt. No. 103) and Plaintiff's objections to the R&R (Dkt. No. 107).

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  *Id.*

**I. Lehner's Objection**

Lehner objects that there is insufficient evidence to support Plaintiff's Eighth Amendment excessive force claim against him. Lehner argues that the sole piece of evidence submitted by Plaintiff was his own declaration. Once a movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party must "set forth by affidavits or otherwise specific facts showing that there is a genuine issue for trial." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) (citing Fed. R. Civ. Pro. 56(e)). Here, Plaintiff provided a declaration "under penalty of perjury." (Dkt. No. 58.) "28 U.S.C. § 1746 allows for 'unsworn declarations under penalty of perjury' to support any matter that legally requires an affidavit to support it." *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475 (6th Cir. 2002). Thus, Plaintiff's declaration comports with Rule 56(e) and is sufficient evidence to support his claim against Lehner.

**II. Plaintiff's Objections**

As a preliminary matter, Plaintiff raised some objections to the R&R in his "Objection to Defendant Lehner's Objection to the Report and Recommendation." (Dkt. No. 112.) These objections were filed after expiration of the time for filing objections and will not be considered. However, the Court will consider Plaintiff's objections (Dkt. No. 107) which were timely filed.

First, Plaintiff objects that the Magistrate Judge incorrectly referred to an Officer Evans when it should have referred to Officer Eaton.  Any such error did not affect the R&R's conclusions and thus will not be considered.

Second, Plaintiff objects to the Magistrate Judge's determination that his altercation with Lehner was "extraordinarily brief."  He argues that there was sufficient time for Officers Eaton and Jones to intervene.  The evidence contradicts this argument.  The Magistrate Judge correctly noted that the constitutional standard governing the liability of officers for failing to intervene to prevent the misconduct of a fellow officer is the "deliberate indifference" standard under the Eighth Amendment.  (Dkt. No. 98, at 6 (citing *Curry v. Scott*, 249 F.3d 493, 506-08 (6th Cir. 2001).)  Thus, evidence of mere negligence or slowness to act on the part of Eaton or Jones is insufficient to make out a claim.  Plaintiff was required to show evidence that Eaton or Jones had a realistic opportunity to intervene.  *See Bletz v. Gribble*, 641 F.3d 743, 754 (6th Cir. 2011).  Upon review, the Magistrate Judge was correct that Plaintiff did not submit evidence that either Jones or Eaton had a reasonable opportunity to intervene.  Plaintiff's own declaration described the incident as a rapid sequence of events occurring within "moments," a description which was insufficient to create a triable issue of fact as to whether Eaton or Jones's failure to act constituted deliberate indifference.

Third, Plaintiff contends he submitted evidence in support of his deliberate indifference claims against Eaton and Jones.  He refers to his pleadings (Dkt. No. 1) and a prior unsworn declaration (Dkt. No. 8).  However, Jones and Eaton submitted affidavits

3

specifically asserting that there was no physical contact between Lehner and Plaintiff and, thus, no reason for them to intervene. As the Magistrate Judge concluded, this was sufficient to meet Defendants' initial burden of showing a lack of evidence and to shift to Plaintiff the burden of producing specific, admissible evidence to establish his claims. To sustain this burden, Plaintiff could not rely on his pleadings. Fed. R. Civ. P. 56(e)(2). Plaintiff's subsequent declaration, while sufficient to constitute admissible evidence, did not contain facts that supported his deliberate indifference claim. Plaintiff's declaration indicates the events took place within "moments," meaning that no inference can be drawn that Eaton or Jones had a reasonable opportunity to intervene.

Fourth, Plaintiff objects to the R&R's conclusion that there was no evidence on which a reasonable trier of fact could find that Defendant Wohlfert acted intentionally to inflict pain. This objection entirely lacks merit. Plaintiff never alleged in his complaint that Wohlfert closed his cell door from the control room with the intention of harming him. Nor did Plaintiff present any evidence that Wohlfert closed the door with the intention of contributing to Lehner's alleged attack on him.

Fifth, Plaintiff objects to the Magistrate Judge's conclusion that there is no video evidence of these incidents. He alleges he requested this video, but the defendants refused to acknowledge his request. Plaintiff's objection lacks merit. In an affidavit filed in response to the Magistrate Judge's order to produce the video or explain its absence, Sharon Whalen swears that no such video evidence exists. (Dkt. No. 92, Attach. 3.) The Magistrate

4

Judge cited to this affidavit when stating that there is no video evidence. Plaintiff has produced no evidence creating an issue of fact as to whether video evidence exists. Thus, the Magistrate Judge's conclusion was not in error.

Sixth, Plaintiff objects to the Magistrate Judge's conclusion that he supplied no medical evidence to support his injuries. This conclusion was made in the "Proposed Findings of Fact" section and had no effect on the Magistrate Judge's recommendations. Additionally, the Magistrate Judge is correct that there is no medical evidence in the record Moreover, Plaintiff's injuries only affected his claim against Defendant Lehner, and the Magistrate Judge recommended denying Lehner's motion for summary judgment. The objective component for an excessive force claim requires an infliction of serious harm. In denying Lehner's motion, the Magistrate Judge stated that "[i]f the facts stated in plaintiff's declaration are believed, a reasonable trier of fact could find in his favor on the objective component." (Dkt. No. 98, at 5-6.) Thus, Plaintiff's objection lacks merit.

Because all of the objections lack merit, the Court will approve and adopt the R&R. Defendants Jones, Eaton, and Wohlfert's motions for summary judgment will be granted. Defendant Lehner's motion for summary judgment will be denied.

Dated: December 19, 2012                          /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE

5