UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALRELIO EVANS,

        Plaintiff,

                                      File No. 1:11-cv-581

v.

                                      HON. ROBERT HOLMES BELL

MICHAEL LEHNER,

        Defendant.
_____/

## **MEMORANDUM OPINION AND ORDER**

This is a prisoner civil rights matter filed pursuant to 42 U.S.C. § 1983. The matter is presently before the Court on Plaintiff's Appeal to the District Judge (styled "Objection") to the Order of the Magistrate Judge denying his Motion to Compel Discovery. Having determined that the Magistrate Judge's Order contains no clear error, Plaintiff's appeal is properly denied.

### I. STANDARD OF REVIEW

This Court will reverse an order of the Magistrate Judge only where it is shown that the decision is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

### II. TIME TO APPEAL

As a threshold matter, the Court notes that Plaintiff's appeal is time-barred. Both Fed. R. Civ. P. 72(a) and W.D. LCivR 72.3(a) provide that appeals of a Magistrate Judge's non-dispositive order

must be filed within fourteen days of service. Under Fed. R. Civ. P. 5(b)(2)(C), a person is served on the date a paper is mailed to his or her last known address. Counting begins the day after mailing. Fed. R. Civ. P. 6(a)(1)(A). The Magistrate Judge's Order was mailed to Plaintiff on August 6, 2013. Counting from August 7, and adding 3 days pursuant to Fed. R. Civ. P. 6(d), Plaintiff's appeal was due August 23. Plaintiff's appeal was filed August 29. His appeal is therefore time-barred.

### III. SUBSTANTIVE OBJECTIONS

Even if Plaintiff's appeal were not procedurally defaulted, his arguments are without merit. First, he asserts "Defendant's allegations that there are no log book entries pertaining to this incident is no excuse to allow them immunity from producing it" (Appeal, Dkt. No. 174 at 2; Order, Dkt. No. 173 at 1). The Magistrate Judge's conclusion that Defendant cannot be expected to produce documents that do not exist is neither clearly erroneous, nor contrary to law (Order, Dkt. No. 173 at 1). Plaintiff's appeal on this ground is without merit.

Second, Plaintiff argues that because Defendant is no longer employed by the Michigan Department of Corrections (MDOC), "the production of his personnel records will not create any custody or security concerns" (Appeal, Dkt. No. 174 at 2). Even if Plaintiff is correct about custody or security concerns, he has failed to demonstrate that the Magistrate Judge's conclusion that Plaintiff's request for discovery of Defendant's personnel records is not reasonably calculated to lead to admissible evidence is clearly erroneous or contrary to law, notwithstanding his naked citation of *Barns v. City of Cincinnati*, 401 F.3d 729 (6th Cir. 2005). Plaintiff's appeal on this ground is without merit.

Plaintiff next argues that the Magistrate Judge "relied on an outdated policy. . .that no longer exist [sic], in ruling against the production of medical records" (Appeal, Dkt. No. 174 at 2; Order,

2

Dkt. No. 173 at 3). The Magistrate Judge cited an operating procedure that allows inmates to request copies of their medical records on a fee-for-service basis, but noted that inmates can request a loan (Order, Dkt. No. 173 at 3). Plaintiff avers there is no policy that allows inmates to obtain loans to pay for copies of their records (Appeal, Dkt. No. 174 at 2). Nevertheless, the Magistrate Judge's determination that "the cost of reproducing discovery documents generally falls on the requesting party" and that "Defendant is not required to subsidize Plaintiff's civil litigation efforts" (Order, Dkt. No. 173 at 3) is neither clearly erroneous or contrary to law. Plaintiff's appeal on this ground is without merit.

Plaintiff next challenges the Magistrate Judge's determination that "the MDOC and its policies do not define a prisoner's constitutional rights" (Appeal, Dkt. No. 174 at 3; Order, Dkt. No. 173 at 4). Specifically, Plaintiff states, "the MDOC policy will prove not only a violation of policy, but that defendant's actions were not in accords [sic] with policy and that he is liable in this action." (Appeal, Dkt. No. 174 at 3). The Magistrate Judge's conclusions, however, are neither clearly erroneous nor contrary to law. Plaintiff's appeal on this ground is without merit.

Plaintiff challenges the Magistrate Judge's reliance on Litigation Coordinator Sharon Whalen's affidavit, which avers that no video evidence of the May 30, 2009 incident exists (Appeal, Dkt. No. 174 at 3; Order, Dkt. No. 173 at 4-5). Plaintiff raises the possibility that Ms. Whalen is lying in her affidavit (Appeal, Dkt. No. 174 at 3). However, upon review of the record, the Court is not "left with the definite and firm conviction that a mistake has been committed." *Mabry*, 518 F.3d at 449 (internal quotations omitted). The Magistrate Judge's conclusions, therefore, are neither clearly erroneous nor contrary to law. Plaintiff's appeal on this ground is without merit.

Finally, Plaintiff states:

3

6. Defendant is represented by the State's Attorney General's Office who have [sic] access to the Internal Affairs records in question. There is no excuse for the failure to produce the requested documents.

(Appeal, Dkt. No. 174 at 3). The Magistrate Judge correctly concluded however, that as a current or former MDOC employee, Defendant has no access to Internal Affair records (Order, Dkt. No. 173 at 5). Upon review of the record, the Court is not "left with the definite and firm conviction that a mistake has been committed." *Mabry*, 518 F.3d at 449 (internal quotations omitted). The Magistrate Judge's conclusions, therefore, are neither clearly erroneous nor contrary to law. Plaintiff's appeal on this ground is without merit.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's appeal to the district judge is time-barred. Even if the appeal were not time-barred, all Plaintiff's grounds for appeal are without merit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Appeal to District Judge (styled "Objections to Magistrate's Order") (Dkt. No. 174) is **DENIED**.


Dated: September 18, 2013 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE